Filed 11/20/25  P. v. Ochoa CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>CHRISTOPHER RUDY OCHOA,<br><br>     Defendant and Appellant. | G065091<br><br>(Super. Ct. No. 10CF0100)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Andre Manssourian, Judge. Dismissed.

Christopher Rudy Ochoa, in pro. per.; Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, and Tyler R. Krentz, Deputy Attorney General, for Plaintiff and Respondent.

\*          \*          \*

In 2016, Christopher Rudy Ochoa pleaded guilty to manslaughter and attempted murder with gang and firearm enhancements. The trial court imposed a negotiated sentence of 40 years in state prison.

In 2024, Ochoa filed a purported motion to correct an alleged sentencing error. Ochoa cited Penal Code section 1172.1, and the Racial Justice Act.[1] The trial court denied Ochoa's request for resentencing. (See § 1172.1, subd. (c) [a defendant "is not entitled to file a petition seeking relief from the trial court under this section"].) Ochoa filed an appeal.

Appointed appellate counsel for Ochoa filed a brief raising no arguable issues. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 230 (*Delgadillo*).) Ochoa filed a supplemental brief on his own behalf.

We asked the parties to address in additional supplemental briefing whether this court should dismiss Ochoa's appeal. Both parties acknowledge that numerous appellate courts have held that a trial court's denial of a defendant's request for resentencing under section 1172.1 is not an appealable order. We agree with these appellate courts.

Thus, we are dismissing Ochoa's appeal.

I.

PROCEDURAL BACKGROUND

On July 19, 2010, the People filed an information charging Ochoa with one count of murder, one count of attempted murder, and one count of street terrorism. The People further alleged a gang special circumstance, as well as other firearm and gang enhancements.

_____

[1] Further undesignated statutory references are to the Penal Code. Ochoa has since withdrawn his claim under the Racial Justice Act.

2

On February 11, 2016, Ochoa pleaded guilty to manslaughter, attempted murder, and street terrorism, with associated gang and firearm enhancements. The trial court imposed a negotiated sentence of 40 years.

On November 13, 2024, Ochoa filed a "Motion to Correct Unauthorized Sentence Under PC-1172.1 & Racial Justice Act."

On November 25, 2024, the trial court filed a minute order denying Ochoa's motion. The court stated, in part:

"Defendant failed to comply with the procedural requirements of PC 745. Beginning January 1, 2024, defendants whose cases are final and who are serving a state prison sentence are eligible for and must seek relief under PC 745 via a petition for writ of habeas corpus. (Pen. Code, 745 (b) and (j)(3).) Since defendant's case is final and he is currently serving his state prison sentence, he must raise any PC 745 claims via a properly noticed and supported petition for writ of habeas corpus, not [via] a motion in the trial court. [¶] Defendant lacks standing to move for resentencing under PC 1172.1. 'A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond.' (Pen. Code,1172.1(c).)"

On January 13, 2025, Ochoa filed a notice of appeal.

On April 21, 2025, counsel filed a *Delgadillo* brief.

On May 27, 2025, Ochoa filed a supplemental brief on his own behalf.

On August 26, 2025, we asked the parties to file additional supplemental briefs addressing "whether defendant's appeal should be dismissed."

3

## DISCUSSION

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) When a trial court's order does not affect a substantial right, then the order is not appealable as "an 'order made after judgment, affecting the substantial rights of the party' as provided in section 1237, subdivision (b)." (*People v. Magana* (2021) 63 Cal.App.5th 1120, 1127.)

Section 1172.1 authorizes the trial court *on its own motion* to recall an otherwise final judgment and resentence a defendant "at any time" if applicable sentencing laws have been changed. (§ 1172.1, subd. (a)(1).) Further, the statute provides: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).)

Section 1172.1 provides that a defendant has no right to petition a trial court for resentencing. Therefore, appellate courts have held that a trial court's denial of a defendant's request for resentencing under section 1172.1 is not an appealable order because such an order cannot plausibly affect a defendant's substantial rights. (§ 1237, subd. (b); *People v. Roy* (2025) 110 Cal.App.5th 991, 1001; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 693–694; *People v. Wilson* (2025) 109 Cal.App.5th 198, 202–203; *People v. Hodge* (2024) 107 Cal.App.5th 985, 997–999.)

We agree with the holdings of these courts and conclude that the trial court's November 25, 2024, order denying Ochoa relief under section

1172.1 is not an appealable order and the appeal must be dismissed.

We note that Ochoa is not precluded from raising his various sentencing claims by filing a petition for writ of habeas corpus in the trial court. (See §§ 745, subd. (j)(3), 1473, subs. (a) & (e).) However, we take no position on whether such a petition would ultimately be successful. [2]

## III.
## DISPOSITION

This appeal is dismissed.

MOORE, ACTING P. J.

WE CONCUR:

DELANEY, J.

GOODING, J.

---

[2] To the extent Ochoa's supplemental brief filed on May 27, 2025, and Ochoa's untimely supplemental brief received on November 17, 2025, should be construed as motions pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, the motions are denied.